IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY PAUL DODSON                                                PETITIONER

vs.                    Civil Case No. 5:07CV00080 WRW

LARRY NORRIS, Director,
Arkansas Department of Correction                                 RESPONDENT

## CERTIFICATION ORDER

Pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this court certifies to the Supreme Court of Arkansas a question of law that may be determinative of this case and as to which it appears there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

I.

### QUESTION OF LAW TO BE ANSWERED

Whether a motion for a belated appeal, as provided for in Arkansas Criminal Appellate Rule 2(e), of a state circuit court's order denying relief under Rule 37 of the Arkansas Rules of Criminal Procedure is a part of the ordinary appellate review procedure under Arkansas law.

II.

**FACTS RELEVANT TO THE QUESTION**

Petitioner was convicted by a jury in Garland County Arkansas on February 11, 2002, of possession of methamphetamine with intent to deliver and possession of marijuana. He was sentenced as a habitual offender to life imprisonment. His convictions and sentence were affirmed on direct appeal on September 16, 2004, <u>Dodson v. State</u>, 358 Ark. 372 (2004),[1] and rehearing was denied on October 21, 2004 (Respondent's Exhibit A). While his direct appeal was pending, on October 7, 2004, he filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. He filed an amended Rule 37 petition on October 25, 2004, which the trial court denied on January 7, 2005 (<u>See</u> Respondent's Exhibit B, p.3). Petitioner's notice of appeal of the denial of his Rule 37 motion was filed on February 10, 2005. <u>See</u> <u>Dodson v. State</u>, 2005 WL 1533576, at *1 (Ark. June 30, 2005). The Arkansas Supreme Court Clerk refused to accept the record when tendered because the notice of appeal was untimely. Petitioner filed a motion for a belated appeal on May 17, 2005 (Respondent's Exhibit B), which the Arkansas Supreme Court denied on June 30, 2005. <u>Id.</u> On November 21, 2005, Petitioner filed a state petition

---

[1] Petitioner states in his petition that his first direct appeal was dismissed, but was later reinstated during his first post-conviction proceedings. This opinion by the Arkansas Supreme Court is the culmination of the re-instated appeal.

for a writ of habeas corpus, which the state circuit court denied on January 11, 2006 (Respondent's Exhibit C). The Arkansas Supreme Court affirmed the circuit court's decision on January 11, 2007. Dodson v. State, 2007 WL 70432 (Ark. January 11, 2007).

Respondent contends the entire petition should be dismissed as untimely under 28 U.S.C. § 2244(d), which establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254. The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes review by the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Thus, a state court judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the expiration of the ninety days allowed for filing such a petition. Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc). In the present case, since the petition for rehearing was denied on October 21, 2004, Petitioner's conviction became final for § 2244(d) purposes on January 19, 2005.

Section 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection." However, Petitioner's entire Rule 37 proceeding in the trial court took place before his conviction became final, and it had no tolling effect, since the limitations period does not start to run until a conviction becomes final. After his convictions became final on January 19, 2005, only a "properly filed" post-conviction petition could toll the running of the limitations period. Petitioner argues that his motion for a belated appeal was a "properly filed" application for post-conviction relief or other collateral review, and that it was sufficient to toll the running of the limitations period, even though the motion was eventually denied.

The Eighth Circuit Court of Appeals recently recognized that this issue has appeared in several cases before it, but the court has not yet addressed it. Lewis v. Norris, 454 F.3d 778, 779 (8th Cir. 2006). The court has also noted that

> the Supreme Court provided guidance as to how the issue should be analyzed in Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). The Court noted that "AEDPA's limitations period-with its accompanying tolling provision ... promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." 536 U.S. at ----, 122 S.Ct. at 2138. In determining whether a particular state appellate procedure must be exhausted, it is relevant whether "that review is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). In response to a question asked at oral argument, the State advises it has argued that the motion for belated appeal authorized by Criminal Appellate Rule 2(e) is an appellate procedure that must be exhausted before seeking federal habeas relief. But to our knowledge, the Supreme Court of Arkansas had not declared whether that motion is part of

>   the "ordinary appellate review procedure" under state law. Because "it is the State's interests that the [AEDPA] tolling provision seeks to protect," <u>Saffold</u>, 536 U.S. at ---- - ----, 122 S.Ct. at 2139-40, it will help the federal courts in Arkansas apply AEDPA's one-year statute of limitations in the future if the Supreme Court of Arkansas further clarifies the role of the Rule 2(e) motion for belated appeal in Arkansas post-conviction proceedings.

<u>Wright v. Norris</u>  299 F.3d 926, 928 (8th Cir. 2002).

If the limitations period was tolled by the filing of the motion for a belated appeal, the federal habeas corpus petition is timely.  If the limitations period was not tolled, the petition is not timely.  In determining whether or not the limitations period is tolled, this court must consider the nature of the belated appeal proceeding under state law.  The United States District Court is therefore presented with an undecided or uncertain question of Arkansas law that may be determinative of this case. Accordingly, pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this Court certifies the following question of law to the Arkansas Supreme Court:

>   Whether a motion for a belated appeal, as provided for in Arkansas Criminal Appellate Rule 2(e), of a state circuit court's order denying relief under Rule 37 of the Arkansas Rules of Criminal Procedure is a part of the ordinary appellate review procedure under Arkansas law.

5

III.

The United States District Court hereby acknowledges that the Arkansas Supreme Court, acting as the receiving court, may reformulate the question presented.

IV.

**COUNSEL OF RECORD AND PARTIES**

The attorneys of record in the case pending before this court are as follows:

Attorney for Petitioner, Johnny Paul Dodson

Mr. Jeff Webber
Post Office Box 34111
Little Rock, AR 72203-4111
(501) 607-0262

Attorney for Respondent, Larry Norris

Dustin McDaniel
Attorney General for the State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-2007

Lauren Elizabeth Heil
Assistant Attorney General for the State of Arkansas
(501) 682-8203
Ark. Bar No. 94-191

V.

The Clerk of this Court is hereby directed to forward this Order, a copy of the Proposed Findings and Recommendations and the

Order adopting the Proposed Findings and Recommendations to the Supreme Court of Arkansas under his official seal.

SO ORDERED this 8th day of November, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE