RECEIVED
MAIL ROOM

NOV 19 2008

U.S. DISTRICT COURT
E. DIST. OF ARKANSAS

MANDATE

CERTIFIED QUESTION ANSWERED

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 19 2008

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

STATE OF ARKANSAS
In the Supreme Court

Proceedings of October 30, 2008

07-1179
JOHNNY PAUL DODSON                                              APPELLANT
V. An Original Action Petition
   From the United States District Court,
   Eastern District of Arkansas
LARRY NORRIS, ARKANSAS
DEPARTMENT OF CORRECTION                                        APPELLEE

    This certified question of law was submitted to the Arkansas Supreme Court as an original action petition from the United States District Court for the Eastern District of Arkansas and on briefs of the respective parties. After due consideration, it is the decision of the Court that the certified question is answered for the reasons set out in the attached opinion.

                IN TESTIMONY, that the above is a true copy of the judgment of the Arkansas Supreme Court. I, Leslie W. Steen, Clerk, set my hand and affix the seal this 18th day of November, A.D. 2008.

                _____
                              Clerk

# SUPREME COURT OF ARKANSAS
No. 07-1179

| | |
|---|---|
| JOHNNY PAUL DODSON,<br>         APPELLANT;<br><br>VS.<br><br>LARRY NORRIS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION,<br>         APPELLEE; | **Opinion Delivered** October 30, 2008<br><br>UPON CERTIFICATION FROM THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF ARKANSAS, CASE NO. 5:07CV00080 WRW; HON. WILLIAM R. WILSON, DISTRICT JUDGE;<br><br><br>CERTIFIED QUESTION ANSWERED. |

**DONALD L. CORBIN, Associate Justice**

This is an original action, whereby this court accepted certification of a question of law submitted by the United States District Court of Arkansas, Eastern District, pursuant to Arkansas Supreme Court Rule 6-8. *See Dodson v. Norris*, 371 Ark. 661, ___ S.W.3d ___ (2007) (per curiam). The question of law to be answered by this court is: Whether a motion for a belated appeal, as provided for in Arkansas Criminal Appellate Rule 2(e), of a state circuit court's order denying relief under Rule 37 of the Arkansas Rules of Criminal Procedure is a part of the ordinary appellate review procedure[1] under Arkansas law. We conclude that a motion for belated appeal is not part of the ordinary appellate review procedure under our law.

---

[1] The term "ordinary appellate review procedure" as set forth in the certified question was utilized by the United States Supreme Court in its analysis of the doctrine of exhaustion of remedies as set forth in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

According to the District Court's order certifying this question to us, Dodson was convicted by a Garland County jury of possession of methamphetamine with intent to deliver, possession of marijuana, and was sentenced as a habitual offender to life imprisonment. This court affirmed his conviction and sentence in *Dodson v. State*, 358 Ark. 372, 191 S.W.3d 511 (2004), and later denied rehearing in the matter.[2] During the pendency of his direct appeal, Dodson filed a petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. He then filed an amended Rule 37 petition that the trial court denied on January 7, 2005. Dodson filed a notice of appeal from the January 7 order on February 10, 2005, and because that notice was untimely, the clerk of this court refused to accept the record. Thereafter, Dodson filed a motion for belated appeal on May 17, 2005, arguing that this court should adopt the "prison mailbox rule." This court denied the motion on June 30, 2005, and Dodson's subsequent application for certiorari to the United States Supreme Court was likewise denied. *See Dodson v. Arkansas*, 546 U.S. 915 (2005).

Dodson filed a petition for a writ of habeas corpus in the Jefferson County Circuit Court on November 21, 2005,[3] challenging the Garland County Circuit Court's jurisdiction over him, as well as challenging the facial validity of his judgment and commitment order. The circuit court entered an order on January 13, 2006, denying the petition and that decision was affirmed by this court on January 11, 2007.

---

[2] Dodson's original appeal of his conviction was dismissed but later reinstated in response to a pro se motion filed by Dodson. *See Dodson v. State*, 356 Ark. 118, 146 S.W.3d 893 (2004) (per curiam).

[3] Dodson originally filed a petition for a writ of habeas corpus in federal court but then moved to voluntarily dismiss the action so he could file it in state court.

Dodson filed a petition for writ of habeas corpus in District Court on April 18, 2007. Therein, he averred that he had exhausted all his state remedies. He then alleged that he was entitled to the writ because he (1) was denied his right to a speedy trial; (2) was not competent to stand trial; and (3) lacked effective assistance of counsel. Appellee Larry Norris, Director of the Arkansas Department of Correction, filed a motion to dismiss on July 27, 2007, arguing that each of Dodson's claims for relief were time barred pursuant to 28 U.S.C. § 2244(d)(1) (2000), because Dodson failed to file his federal habeas petition within one year of the date his conviction became final and his state habeas proceeding did not toll sufficient time under § 2244(d)(2) to avoid this time limitation.

The issue in Dodson's federal case that hinges on our answer to the present question is whether the time that will be tolled by the state postconviction proceeding that he filed pursuant to Rule 37 should include the time during which he petitioned for a belated appeal of that proceeding. Dodson argues that belated appeals are a part of the ordinary appellate review procedure. Citing to this court's decision in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), Dodson states that where the court has granted the right to appeal, the appellate process must likewise provide a mechanism for the failures of the system or appellate counsel to protect that right to appeal. Moreover, in support of his contention that belated appeals are part of the ordinary appellate process, Dodson avers that this court regularly considers belated appeals, including belated appeals in Rule 37 proceedings. Thus, Dodson argued to the federal court that he was entitled to statutory tolling for the time that his motion for belated appeal was pending before this court.

Citing to Arkansas Rule of Appellate Procedure–Criminal 2(a)(4), the State admits that there is no question that a typical postconviction appellate review is part of the ordinary procedure for obtaining postconviction relief. The State counters, however, that a motion for belated appeal is not a venue for raising claims for postconviction relief that may later arise in a federal habeas petition and, consequently, is not itself a stage of the appellate process. The State concludes that in the absence of a timely filed notice of appeal, the "ordinary appellate review procedure" does not begin.

In analyzing the question before us, it is helpful to briefly review the applicable federal law dealing with habeas petitions. All federal habeas petitions filed after April 24, 1996, are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2254 (2000). Under the AEDPA, there is a one-year statute of limitations on petitions for writs of habeas corpus filed under § 2254. This limitations period, found at § 2244(d)(1), states in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

For a party to pursue federal habeas relief, all state remedies must first be exhausted. *See O'Sullivan*, 526 U.S. 838. The purpose of this rule is to allow state courts a full and fair opportunity to resolve claims before they are presented to the federal courts. *Id.* In discussing the exhaustion requirement, the Court elaborated and stated that a state prisoner must give the state courts the opportunity to act on claims before they are presented in a federal habeas petition. *Id.* The *O'Sullivan* Court further recognized that the exhaustion doctrine "raises a recurring question: What state remedies must a habeas petitioner invoke to satisfy the federal exhaustion requirement?" *Id.* at 842-43 (citing *Castille v. Peoples*, 489 U.S. 346, 349-50 (1989)). According to the Court, a state prisoner must give a state court "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845.

We now turn to the question at hand and begin our analysis by reviewing our treatment of belated appeals. Rule 2(e) of the Arkansas Rules of Appellate Procedure– Criminal governs belated appeals and provides:

> Failure of the appellant to take any further steps to secure the review of the appealed conviction shall not affect the validity of the appeal but shall be ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal. The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit. However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken. If no judgment of conviction was entered of record within ten (10) days of the date sentence was pronounced, application for belated appeal must be made within eighteen (18) months of the date sentence was pronounced.

In analyzing the foregoing rule, this court in *McDonald*, 356 Ark. 106, 146 S.W.3d 883, noted that it was responsible for setting the terms for obtaining relief when a party fails to perfect an appeal. Under Rule 2(e), an attorney or a party has the right to argue that there is good cause for failing to timely perfect an appeal or to concede error. This court then has the discretion whether or not to allow a belated appeal to go forward. Simply stated, a motion for belated appeal is a remedy that is available to a party in a situation where there has been a failure to follow the ordinary appellate review procedure. *Cf. Rumph v. State*, 746 So. 2d 1249 (Fla. Dist. Ct. App. 1999) (noting that a belated appeal may be allowed where exceptional circumstances render the ordinary appellate process unavailable).

Moreover, those steps that are part of the ordinary appellate review procedure do not require that an attorney or party first seek this court's leave to proceed. Finally, where an attorney seeks to proceed with a belated appeal after admitting error, this court refers that attorney to our Committee on Professional Conduct. *See McDonald*, 356 Ark. 106, 146 S.W.3d 883. We do this because the attorney has failed to comply with the ordinary appellate review procedure. In sum, this court, through Rule 2(e), allows a party to seek a belated appeal where either error or good cause prevents an appeal from moving forward in the ordinary appellate review procedure. Therefore, a motion for belated appeal is not part of the ordinary appellate review process.

Certified question answered.